# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>HARPOON THERAPEUTICS, INC., JOSEPH S. BAILES, MARK CHIN, JONATHAN DRACHMAN, JULIE EASTLAND, RONALD HUNT, SCOTT MYERS, ANDREW ROBBINS, and LAUREN SILVERNAIL,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Matthew Wright ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Harpoon Therapeutics, Inc. ("Harpoon" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Merck Sharp & Dohme LLC ("Merck").[1]

2. On January 7, 2024, Harpoon entered into an Agreement and Plan of Merger

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

(the "Merger Agreement") with Merck and Merck's wholly-owned subsidiary, Hawaii Merger Sub, Inc. The Merger Agreement provides that Merck will acquire Harpoon, with each share of Harpoon common stock being converted into the right to receive $23.00 in cash.

3. The Company's corporate directors subsequently authorized the February 8, 2024, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder

---

[2] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for March 8, 2024.

pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and is and has been at all times relevant hereto, the owner of Harpoon common stock.

10. Defendant Harpoon is a Delaware corporation with its principal executive offices located at 611 Gateway Boulevard, Suite 400, South San Francisco, California 94080. Harpoon's shares trade on the Nasdaq Capital Market under the ticker symbol "HARP." Harpoon is a clinical-stage immunotherapy company engaged in the development of a novel class of T cell engagers that harness the power of the body's immune system to treat patients suffering from cancer and other diseases in the United States. The Company's pipeline consists of tri-specific T cell activating construct ("TriTAC") product candidates, including (a) HPN328, which is in Phase I/II clinical trials for the treatment of small cell lung cancer and other Delta-like canonical Notch ligand 3-expressing tumors; and (b) HPN217, which is in Phase I clinical trials for the treatment of multiple myeloma. Harpoon's pipeline also includes HPN601, a preclinical stage product for the treatment of multiple solid tumor indications. In addition, the Company has a discovery collaboration and license agreement with AbbVie

Biotechnology Ltd. to develop and commercialize products that incorporate its proprietary TriTAC platform technology together with soluble T cell receptors.

11. Defendant Joseph S. Bailes is and has been a director of the Company at all times relevant hereto.

12. Defendant Mark Chin is and has been a director of the Company at all times relevant hereto.

13. Defendant Jonathan Drachman is and has been a director of the Company at all times relevant hereto.

14. Defendant Julie Eastland is and has been President, Chief Executive Officer and a director of the Company at all times relevant hereto.

15. Defendant Ronald Hunt is and has been a director of the Company at all times relevant hereto.

16. Defendant Scott Myers is and has been Chair of the Board and a director of the Company at all times relevant hereto.

17. Defendant Andrew Robbins is and has been a director of the Company at all times relevant hereto.

18. Defendant Lauren Silvernail is and has been a director of the Company at all times relevant hereto.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20. On January 8, 2024, Merck and the Company jointly announced in relevant part:

4

RAHWAY, N.J. & SOUTH SAN FRANCISCO, Calif.--(BUSINESS WIRE)--Merck (NYSE: MRK), known as MSD outside of the United States and Canada, and Harpoon Therapeutics, Inc. (Nasdaq: HARP) today announced that the companies have entered into a definitive agreement under which Merck, through a subsidiary, will acquire Harpoon for $23.00 per share in cash for an approximate total equity value of $680 million.

"At Merck, we continue to enhance our oncology pipeline through strategic acquisitions that complement our current portfolio and advance breakthrough science to help address the needs of people with cancer worldwide," said Dr. Dean Y. Li, president, Merck Research Laboratories. "This agreement reflects the creativity and commitment of scientists and clinical development teams at Harpoon. We look forward to further evaluating HPN328 in innovative combinations with other pipeline candidates."

Harpoon has developed a portfolio of novel T-cell engagers that employ the company's proprietary Tri-specific T cell Activating Construct (TriTAC®) platform, an engineered protein technology designed to direct a patient's own immune cells to kill tumor cells, and ProTriTAC™ platform, applying a prodrug concept to its TriTAC® platform to create a therapeutic T-cell engager that is designed to remain inactive until it reaches the tumor.

"At Harpoon, we have always been committed to advancing our cancer immunotherapy candidates to improve the lives of patients. With Merck's recognized leadership in oncology clinical development and global commercial footprint, our lead candidate, HPN328, is well positioned moving forward," said Julie Eastland, president and chief executive officer, Harpoon Therapeutics. "The talented, passionate and dedicated Harpoon team has made great progress over the past eight years in leveraging our research platform to develop an innovative suite of candidates, and we are pleased that Merck has recognized the significant potential of our pipeline. I want to personally thank all of our key stakeholders, including our entire team at Harpoon, trial participants, physicians and our shareholders, who have supported us."

Harpoon's lead candidate, HPN328, is a T-cell engager targeting delta-like ligand 3 (DLL3), an inhibitory canonical Notch ligand that is expressed at high levels in small cell lung cancer (SCLC) and neuroendocrine tumors. HPN328 is currently being evaluated in a Phase 1/2 clinical trial (NCT04471727) evaluating the safety, tolerability and pharmacokinetics of HPN328 monotherapy in patients with advanced cancers associated with expression of DLL3. The study is also evaluating HPN328 in combination with atezolizumab in patients with SCLC. In October 2023, Harpoon announced the presentation of positive interim tolerability and response data for HPN328 in certain patients with SCLC and neuroendocrine tumors.

> Additional pipeline candidates include HPN217 targeting B-cell maturation antigen (BCMA), currently in Phase 1 clinical development for the treatment of patients with relapsed/refractory multiple myeloma, and several preclinical stage candidates, including HPN601, a conditionally activated targeting epithelial cell adhesion molecule (EpCAM) for the treatment of certain patients with EpCAM expressing tumors.
>
> Under the terms of the agreement, Merck, through a subsidiary, will acquire all outstanding shares of Harpoon Therapeutics, Inc. for a price per share of $23.00 in cash. The Board of Directors of Harpoon has unanimously approved the transaction. Closing of the acquisition is subject to certain conditions, including approval of the merger by Harpoon's stockholders, the expiration of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act, and other customary conditions. The transaction is expected to close in the first half of 2024 and will be accounted for as an asset acquisition. Merck expects to record a charge (non-tax deductible) of approximately $650 million, or approximately $0.26 per share, that will be included in non-GAAP results in the quarter that the transaction closes.
>
> **Advisors**
>
> Evercore Group L.L.C. acted as financial advisor to Merck in this transaction and Covington & Burling LLP acted as its legal advisor. Centerview Partners LLC acted as financial advisor to Harpoon and Goodwin Procter LLP acted as its legal advisor.

**The Materially Incomplete and Misleading Proxy Statement**

21. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on February 8, 2024. The Proxy Statement, which recommends that Harpoon stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for Harpoon; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Centerview Partners LLC ("Centerview"); and (c) potential conflicts of interest faced by Company Insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

22. The Proxy Statement fails to disclose material information concerning the

Company's financial forecasts, including Harpoon's non-risk-adjusted forecasts (or the actual adjustments).[3]

23. The Proxy Statement further fails to disclose the forecasts reviewed at the December 21, 2023, meeting of the transaction committee of the Board (the "Transaction Committee")or the changes made to those forecasts to arrive at the Company's forecasts that were reviewed at the January 1, 2024, Transaction Committee meeting and provided to Centerview to use in connection with its financial analyses.[4]

***Material Misrepresentations and/or Omissions Concerning the Financial Analyses Prepared by Centerview***

24. The Proxy Statement fails to disclose material information concerning the financial analyses prepared by Centerview.

25. As to the *Discounted Cash Flow Analysis* performed by Centerview, the Proxy Statement fails to disclose: (a) the Company's terminal values; (b) the tax savings from usage of Harpoon's estimated federal net operating losses as of December 31, 2022, and estimated future losses; (c) Harpoon's estimated net cash balance as of December 31, 2023; (d) the impact of assumed equity raises in 2024, 2025, and 2026; and (e) the Company's fully-diluted outstanding shares.

26. As to the *Analyst Price Targets Analysis* performed by Centerview, the Proxy Statement fails to disclose the respective price targets and their corresponding sources.

27. As to the *Precedent Premiums Paid Analysis* performed by Centerview, the Proxy Statement fails to disclose the respective premiums observed by the financial advisor.

---

[3] *See* Proxy Statement at 54, identifying categories of assumptions underlying those forecasts.
[4] *See* Proxy Statement at 41.

*Material Misrepresentations and/or Omissions Concerning Potential Conflicts of Interest Affecting Company Insiders*

28. The Proxy Statement fails to disclose potential conflicts of interest affecting company insiders, including whether any of Merck's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

29. The omission of the above-referenced information renders statements in the "Certain Unaudited Prospective Financial Information," "Opinion of Centerview Partners LLC," "Background of the Merger" and "Interests of the Directors and Executive Officers of Harpoon in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

30. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## **CLAIMS FOR RELIEF**

## **COUNT I**

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Harpoon**

31. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

32. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially

misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Harpoon is liable as the issuer of these statements.

33. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

34. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

36. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

37. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

38. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth

herein.

40. The Individual Defendants acted as controlling persons of Harpoon within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Harpoon and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

41. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

42. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

43. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

44. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions

as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.    Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  February 13, 2024               **LONG LAW, LLC**

By:  */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*